UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AUSTIN SERB,<br><br>    Defendant. | Case No. 1:14-cr-00048-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Austin Serb's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 451. The Government has filed an opposition to Serb's motion. Dkt. 456. Serb filed a reply, and the matter is ripe for the Court's consideration. Dkt. 457.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

On January 5, 2016, after pleading guilty to conspiracy to distribute oxycodone and heroin, the Court sentenced Austin Serb to 120 months of incarceration with three years of

supervised release to follow. Dkt. 369. Currently, Serb is incarcerated at Federal Medical Facility in Fort Worth, Texas ("FMC Fort Worth") and has served approximately 62 months of his 120-month sentence. Dkt. 451.

On December 1, 2020, Serb filed a Motion for Compassionate Release with the Court. *Id*. He cited the COVID-19 pandemic and his diagnosis with Crohn's disease as the reasons justifying release. The Government has opposed Serb's Motion. Dkt. 456.

### III. LEGAL STANDARD

Serb seeks compassionate release under the First Step Act's ("FSA") newly amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances.[1] In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18

---

[1] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his/her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 2

U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

## IV. DISCUSSION

Serb has asked the Court to "to exercise its power under 18 U.S.C. § 3582(c)(1)(A) to convert the remainder of his prison sentence to a term of house arrest." Dkt. 451, at 2. However, 18 U.S.C. § 3582(c)(1)(A) does not give the Court authority to transfer a prisoner to home confinement. *United States v. Williams*, 458 F. Supp. 3d 939, 944 (W.D. Tenn. 2020) ("The Court does not have authority under 18 U.S.C. § 3582(c)(1)(A) to place a prisoner in home confinement. *See Miller v. United States*, 452 F.Supp.3d 1062, 1064-65 (E.D. Mich. Apr. 9, 2020) (collecting cases)). It has been recognized that home confinement can be imposed as a condition of supervised release, so "when the defendant expressly exerts the existence of 'extraordinary and compelling reasons' for relief . . . phrasing the requested relief as home confinement rather than as a reduced sentence cannot reasonably be construed as negating a request for compassionate release." *United States v. Soun,* No. 07-0298-WS, 2020 WL 6281627, at *2 (S.D. Alabama Oct. 6, 2020). As such, the Court will consider Serb's motion as requesting a reduced sentence where home confinement could be a condition of release and not merely requesting home confinement.

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the Bureau of Prisons ("BOP"), or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 DMS, 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

As the Government pointed out, Serb did not provide any evidence that he exhausted his administrative remedies. Dkt. 456. Serb claims to have sought compassionate release on August 3, 2020, but has offered no proof of this claim. Dkt. 451, at 16. The Government's counsel contacted the BOP and was advised that the BOP "has no record of any previous motions for release by this defendant." Dkt. 456, at 4. Serb's reply offered no evidence to support his claim that he sought compassionate release from BOP. Dkt. 457. As such, Serb has failed to establish that he has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). This failure, in itself, dooms Serb's motion.

### B. Extraordinary and Compelling Reasons

Even if Serb had exhausted his administrative remedies, however, he would not be entitled to relief because he has not put forth any "extraordinary and compelling reasons" warranting a permanent reduction in his sentence, and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Serb bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Before passage of the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios: (A) medical conditions of the defendant; (B) age of

the defendant; (C) certain family circumstances; and (D) as determined by the Director of the BOP, other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 Application Note 1.

However, the Sentencing Commission "never harmonized its policy statements with the FSA." *Rodriguez*, 424 F. Supp. 3d at 680 (quoting *United States v. Brown*, 411 F. Supp. 3d 446, 449 (S.D. Iowa 2019)). "Rather, the outdated policy statements still assume compassionate release 'may be granted only upon motion by the Director of the Bureau of Prisons.'" *Brown*, 411 F. Supp. 3d at 449 (quoting U.S.S.G. § 1B1.13 Application Note 1). Because this is no longer the law with the FSA, which allows defendants to seek relief directly from the court, this "leaves district courts in a conundrum." *Id*. (explaining that Congress now allows district courts to grant petitions "consistent with the applicable policy statements" from the Sentencing Commission, although the Sentencing Commission "has not made the policy statements for the old regime applicable to the new one").

A growing number of district courts have concluded that, in the absence of applicable policy statements, courts "can determine whether any extraordinary and compelling reasons other than those delineated in [U.S.S.G. § 1B1.13] warrant compassionate release." *Rodriguez*, 411 F. Supp. 3d at 682 (collecting cases). However, other courts have concluded "a judge may not stray beyond the specific instances listed in [U.S.S.G. § 1B1.13]." *Mondaca*, 2020 WL 1029024, at *3 (citations omitted); *see also United States v. Ebbers*, 432 F. Supp. 3d 421, 427 (S.D.N.Y. 2020) (stating U.S.S.G. § 1B1.13's descriptions of extraordinary and compelling reasons "remain current, even if

MEMORANDUM DECISION AND ORDER - 5

references to the identity of the moving party are not").

The Court need not decide the issue, however, because Serb suggests one of the specific scenarios set out in the Sentencing Commission's policy statement applies in this case. *Brown*, 411 F. Supp. 3d at 451 (district courts "still must act in harmony with any sentencing policy guidelines that remain applicable and the § 3553(a) factors"). Here, Serb seeks compassionate release under the "medical condition" scenario in subdivision (A) of U.S.S.G. 1B1.13, Application Note 1.[3] Serb argues that his Crohn's disease and the medications he has been prescribed to manage his Crohn's disease, in conjunction with the COVID-19 pandemic, constitute extraordinary and compelling reasons warranting his release.

Crohn's disease is not recognized by the CDC as a condition that increases the risk

---

[3] The "medical condition of the defendant" may constitute an extraordinary and compelling reason for release where:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Application Note 1(A).

MEMORANDUM DECISION AND ORDER - 6

of severe illness from the virus that causes COVID-19 or as a condition that might increase the risk of severe illness.[4] In Serb's Reply to Response, he attached a note about his history of Ulcerative Colitis that is treated with medicine which can cause him to be immunocompromised. Dkt. 457. An immunocompromised state from use of other immune weakening medicines is only recognized as a condition that *might* increase risk for severe illness.[5] Serb argues that two of his medications are immunosuppressants, and the Court has no reason to disagree with him. Dkt. 451, at 6. However, immune weakening medicines only potentially increase the risk, and his argument that this will lead to a severe case is far less persuasive in light of the fact that Serb has already had a mild case of COVID-19 and recovered successfully.

Additionally, there is evidence to suggest that Serb would not be at less risk to contract the virus if he were released. Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less exposed to the pandemic by remaining at the prison. *See United States v. Singui*, 2020 WL 2523114, at *4 (C.D. Cal. May 12, 2020) (denying compassionate release to inmate with diabetes, high blood pressure, and high cholesterol; observing that "there is little evidence that [the defendant] is presently at greater risk of contracting the virus at MDC than in the general population: MDC has no current reported infections, inmates at

---

[4] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, (last visited Jan. 21, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.

[5] *Id*.

MEMORANDUM DECISION AND ORDER - 7

MDC are housed in separate units, and the staff at MDC has undertaken a variety of interventions [] to prevent the virus from reaching and spreading within the prison").

Currently, FMC Fort Worth—where Serb is incarcerated—has only 4 confirmed active case of COVID-19.[6] Importantly, 181 vaccinations have been administered among the 1,300 inmates living there.[7] Conversely, King County, where Serb would reside if released has had 82,946 confirmed cases of COVID-19, as well as 1,415 confirmed deaths.[8] Considering the high level of cases in King County and the protections that BOP is taking for FMC Fort Worth, the Court cannot find that Serb would be at less risk if released into the community.

Finally, the Government asserts that there are compelling reasons not to release Serb. The Government argues that the 18 U.S.C. § 3553(a) factors weigh against Serb's release.[9] In particular, the Government asserts that Serb would still pose a danger to public

---

[6] *Coronavirus*, FEDERAL BUREAU OF PRISONS (last updated March 5, 2021), https://www.bop.gov/coronavirus/.

[7] *Id*.

[8] *COVID-19 Data Dashboard*, Washington State Department of Health (last updated March 5, 2021), https://www.doh.wa.gov/Emergencies/COVID19/DataDashboard.

[9] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

safety if released. Dkt. 456. Serb was responsible for distributing 50,000 30 mg oxycodone pills into the community, evidencing his prioritization of his addiction over the wellbeing of his health, his family, and the safety of the community. *Id*. Although Serb has participated in programs and courses to better himself while incarcerated, reducing his sentence does not adequately reflect the seriousness of his actions and the need for his rehabilitation. The Court agrees that this alone would be a compelling reason for denying Serb's motion.

In sum, the Court finds that Serb has not met his burden to show that he exhausted his administrative remedies or that "extraordinary and compelling reasons" exist warranting his release. Additionally, Serb failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Accordingly, the Court must DENY Serb's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Serb's Motion for Compassionate Release (Dkt. 451) is DENIED.

DATED: April 15, 2021

David C. Nye
Chief U.S. District Court Judge

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)

MEMORANDUM DECISION AND ORDER - 9